IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2026-BO

| | | |
|---|---|---|
| KENNETH R. BRYANT, JR.,[1] | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LAFAYETTE HALL, | ) | |
|     Respondent. | ) | |

Kenneth R. Bryant, Jr. ("petitioner"), petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lafayette Hall ("respondent") filed a motion to dismiss based on the untimeliness of the petition under 28 U.S.C. § 2244(d)(1) [D.E. 5]. Petitioner responded to the motion [D.E. 8], and has also filed a motion for reconsideration [D.E. 9]. In this posture, the matter is ripe for determination.

I.    Background

Petitioner is a prisoner of the State of North Carolina. Mem. in Supp. of Mot. to Dismiss (see copy of printed transcript of plea form at Exhibit 1, findings in aggravation and mitigation at Exhibit 2, judgment and commitment form at Exhibit 3, warrant at Exhibit 4, prior record level worksheet at Exhibit 5, and indictment at Exhibit 6) On July 1, 2010, in the Superior Court of Pender County, petitioner pled guilty to second degree sexual offense. Id. He was sentenced to 108-139 months of imprisonment pursuant to the exact terms of his plea bargain. Petitioner was represented by R. Kent Harrell and did not appeal. Id.

On April 14, 2011, petitioner dated a pro se motion for appropriate relief (MAR) and filed it in the Superior Court of Pender County, on April 20, 2011. Id., Ex. 7. On May 20, 2011,

---

[1] While the docket heading reflects petitioner's name to be "Kenneth R Bryant, Sr." the court, after review of the documents beleives petitioner's name to be "Kenneth R. Bryant, Jr."

the MAR was summarily denied. Id., Ex. 8. On June 24, 2011, petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. Id., Ex. 9. On July 12, 2011, certiorari was denied. Id., Ex. 11. Petitioner next dated a pro se habeas corpus petition December 20, 2011 and filed it in the North Carolina Court of Appeals on December 23, 2011. Id., Ex. 12. On December 29, 2011, the state habeas corpus petition was denied. Id., Ex. 13. Petitioner dated a pro se motion to amend his state habeas corpus petition December 28, 2011, and filed it in the North Carolina Court of Appeals on January 3, 2012. Id., Ex. 14. Petitioner also dated a second pro se habeas corpus petition December 28, 2011, and filed it in the North Carolina Court of Appeals on or about January 4, 2012. Id., Ex. 15. On January 6, 2012, the motion to amend was dismissed as moot. Id., Ex. 16. On January 9, 2012, the second state habeas corpus petition was denied. Id., Ex. 17. On January 23, 2012, petitioner dated this federal habeas application.

II.  Issues

Petitioner raises the following issues: (1) the aggravating factor was not determined by a jury but by a judge thus denying petitioner his constitutionally protected rights; (2) the trial court was required to tender evidence of the aggravating factor sufficient for the court to find the factor by a preponderance of the evidence standard prior to Blakely; (3) the sentence did not fall within the presumptive range but was an aggravated sentence; and (4) the conviction of second-degree sexual offense shows evidence of hearsay.

III.  Discussion

Respondent argues that the petition should be dismissed as having been untimely presented to this court. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a

2

petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application . . is removed . . . ;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of

3

post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

Petitioner entered a guilty plea and received the aggravated sentence range of 108-139 months set out in the plea agreement and his own admission. Therefore, petitioner's conviction would have become final fourteen days after the entry of his judgment and commitment or Thursday July 15, 2010. See N.C. R. App. P. 4(a) (2012) (providing that defendants have fourteen days within which to file a notice of appeal from entry of judgment); see N.C.G.S. § 15A-1444(a1) & (a2) (2011) (limited right to appeal aggravated range sentence after guilty plea). Because petitioner did not file a notice of appeal, he is not entitled to the additional ninety (90) days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, __ S.Ct. __, 2012 WL 43513. *10 (2012) (In Gonzalez, the Supreme Court clarified that, under § 2244(d)(1) (A), that ". . . the judgment becomes final at the 'expiration of the time for seeking such review' — when the time for pursuing direct review in th[e Supreme] Court, or in state court, expires.").

Thereafter, petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) began to run, and ran, 279 days until petitioner filed his MAR in the Superior Court of Pender County on April 2011. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief is not tolled from one-year period of limitation); See N.C.G.S. § 15A-1420(a)(3) (2011) ("A written motion for appropriate relief [MAR] must be filed in the manner provided in G.S. § 15A-951(c).") and N.C.G.S. § 15A-951(c) (2009) ("All written motions must be filed with the court. Proof of service must be made by filing with the court a certificate: (1) By the prosecutor, attorney or defendant making the motion that the paper was served in the manner prescribed, or

4

(2) Of acceptance of service by the prosecutor, attorney or defendant to be served. The certificate must show the date and method of service or date of acceptance of service."); see Houston v. Lack, 487 U.S. 266, (1988); see also Byrson v. Harkleroad, 2010 U.S. Dist. Lexis 32376, p.9 (W.D.N.C. April 1, 2010) ("There appears to be no corresponding 'prison mail box rule' for filing MARs in state court, as there is for filing appeals in federal court."), appeal dismissed, 2010 U.S. App. Lexis 26219 (4th Cir. December 27, 2010); Doak v. Quarterman, 271 Fed. App'x. 466, 467 (5th Cir. 2008) (declining to extend the prison "mail box rule" to state post-conviction filings); Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (declining to apply mailbox rule to Texas court filings where Texas did not recognize a mailbox rule for habeas actions); Garcia v. Shanks, 351 F.3d 468, 471 (10th Cir. 2003) (declining to apply mailbox rule to New Mexico state filings because New Mexico does not apply the mailbox rule to state filings); Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003) (declining to extend the mailbox rule to the determination of filing dates for state post-conviction applications where state supreme court had rejected the rule).

Petitioner's one-year period was then tolled under 28 U.S.C. § 2244(d)(2)[2] from the April 20, 2011 filing of the MAR, through the entry of the May 20, 2011 order summarily denying the MAR, through the June 24, 2011 filing of the certiorari petition, until the July 12, 2011 denial of certiorari. Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000) (gap between denial of MAR and filing of certiorari petition in North Carolina Court of Appeals tolled absent unreasonable delay in filing certiorari petition). Petitioner's one-year period of limitation

---

[2] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

then resumed on July 12, 2011, and fully expired 86 days later on Thursday, October 6, 2011, i.e., 279 + 86 = 365 days. Because petitioner dated his pro se federal habeas application form January 23, 2012, it is over three months out-of-time. Likewise, petitioner's state habeas filings of December 23, 2011, and January 4, 2012, were also filed after the expiration of the one year period.

Before finding the case time barred the court considers equitable tolling. Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010). Equitable tolling applies only if a petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 in those "rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Petitioner has made no such showing, and the case is time barred.

IV. Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial

6

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

V. Conclusion

Accordingly, respondent's motion for dismissal of the habeas corpus petition as untimely is GRANTED, and the matter is DISMISSED [D.E. 5]. The certificate of appealability is DENIED. Lastly, the motion to reconsider is DENIED [D.E. 9]. It appears petitioner filed this motion with the belief that his case had previously been dismissed. That understanding was incorrect. The case is now dismissed. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this **30** day of May 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE